Richard M. Garbarini (RG 5496)
GARBARINI FITZGERALD P.C.
250 Park Ave, 7th Floor
New York, New York 10177
Phone: (212) 300-5358
Fax: (888) 265-7054

*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
SIMON J. BURCHETT PHOTOGRAPHY, INC.,     Case No.: 19-cv-9043

                        Plaintiff,     **ECF CASE**

               v.     **FIRST AMENDED COMPLAINT AND JURY DEMAND FOR DAMAGES FOR COPYRIGHT INFRINGEMENT**

FREIGHTWAVES, INC.,

                        Defendant.
-----------------------------------------------------------------x

Plaintiff SIMON J. BURCHETT PHOTIPGRAPHY, INC., by and through the undersigned counsel, brings this First Amended Complaint and Jury Demand against defendant FREIGHTWAVES, INC. for damages based on copyright infringement and related claims pursuant to the Copyright Act and Copyright Revisions Act, 17 U.S.C. §§ 101, et seq. ("the Copyright Act" or "Act") and the Digital Millennium Copyright Act, 17 U.S.C. §§ 1201-05 (the "DMCA"). Plaintiff alleges below, upon personal knowledge as to itself, and upon information and belief as to other matters so indicated.

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1338(a) (jurisdiction over copyright actions).

2. A plaintiff may bring a case in: "(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. . . ;or (3) if there is no district in

which an action may otherwise be brought . . . a judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."28 U.S.C. § 1391(b)(1)-(3).

3. At bar, a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4. CPLR § 302 (a)(3) authorizes this Court to exercise jurisdiction over nondomiciliaries who commit a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if it: (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce.

5. At bar, defendant reproduced, distributed, and publicly displayed the copyrighted image at issue without license or authority from Tennessee.  This is a tortious act committed without the state.

6. Defendant claims on its website:

> "FreightWaves was founded to provide transparency and risk-management products to the freight markets. As the leading provider of aggregated data-sets across the North American freight markets, FreightWaves' SaaS platform helps companies take action based on the signals in the market. FreightWaves.com is the highest rank news and commentary site in the industry and the firm is introducing a freight futures product which will help participants derisk their exposure to trucking spot rates."

7. Defendant's revenue is generated predominantly from advertising deals made with corporations in this Judicial District, and bonds which were floated by companies in this Judicial District.

8.     Upon information and belief, without New York support, defendant could not exist.

9.     Defendant obviously derives substantial revenue from this Judicial District.

10.    The copyrighted image at issue was used by defendant to promotes its international property relocation to New York.

11.    The copyright owner resides in New York, NY, and the injury was felt in this Judicial District.

12.    Defendant was served with a notice to cease and desist, but refused.  It was, and is, aware that its tortious acts have had consequences in this state.  Further, defendant derives substantially all of its revenue from interstate or international commerce.

13.    Jurisdiction is conferred over defendants pursuant to CPLR 302(3)(i) and (ii).

## DUE PROCESS

14.    There are no due process concerns in light of the fact that defendant committed an intentional tort that it knew had an effect in this Judicial District.

15.    Defendant frequently contracts with companies in this Judicial District such that it reasonably knows it may be haled into this forum.

## PARTIES

16.    Plaintiff SIMON J. BURCHETT PHOTOGRAPHY, INC. is a New York corporation with a headquarters located in Manhattan, New York.

17.    As per defendant's SEC filings, defendant FREIGHTWAVES, INC. is a Delaware corporation with a headquarters located at 405 Cherry Street, Chattanooga, TN 37402.

**FACTS**

18.     Plaintiff is the beneficial owner, by assignment, of the copyrighted image at issue here which is an aerial image of the container ship CSCL Long beach titled "_L4A3052" - U.S. Copyright Registrations No. VA 2-036-532 (the "Copyrighted Image"). See **Exhibits 1** and **2.**

19.     A true and correct copy of the Copyrighted Image appears below.



20.     Plaintiff is owned solely by Simon Burchett, a world-renowned photographer who has been honored with many awards and accolades.

21.     Mr. Burchett is accredited as a master photographer by the Master Photographers Association (the "MPA") in England.  To become accredited, a photographer must: (i) have professional liability insurance, (ii) show a substantial history of professional work, (iii) provide a detailed client list, (iv) produce a curriculum vitea, and (iv) pass an interview.

4

22.     In July 2019, Mr. Burchett won the very prestigious Gold Medal at the MPA's professional photographers competition.  This is a national competition conducted by the MPA which is open to all professional photographers.  There are in excess of 1,000 images submitted to each competition.

23.     Plaintiff also won the Silver Medal at the Master Photographers Association competition in 2018.

24.     Defendant claims on its website:

> "FreightWaves is a data and content forum that provides market participants with near-time analytics on the state of the freight market and tools that provide actionable outcomes.
>
> Unlike tech-enabled companies that come into the freight markets with the goal of disintermediation, FreightWaves is focused on empowering incumbents and emerging firms with information that give them an edge."

25.     Defendant, without license or registration, copied the Copyrighted Image, then made it publicly available on its website. See below:



26.     Defendant's use of the Copyrighted Image was, and is, purely commercial.

27.     Plaintiff discovered the defendant's infringing use of the Copyrighted Image in or about June, 2019, after significant due diligence and, frankly, a lot of luck.

28. On or about June 22, 2019, plaintiff sent, through counsel, a notice to defendant demanding it cease and desist any further use of the Copyrighted Image. Defendant elected to ignore the notice. See **Exhibit 3**.

29. This alone entitles plaintiff to enhanced damages pursuant to 17 U.S.C. 504(c)(2).

30. Defendant's blatant disregard in licensing the Copyrighted Image prior to commercial use also entitles plaintiff to enhanced damages pursuant to 17 U.S.C. 504(c)(2).

31. Defendant has infringed plaintiff's right to copy, distribute, and publicly display the Copyrighted Image pursuant to 17 U.S.C. § 106. Plaintiff is entitled to its actual damages, as well as defendant's profit in excess of plaintiff's actual damages. Alternatively, plaintiff may elect enhanced statutory damages, plus its reasonable attorneys' fees, costs, pre/post judgment interest.

32. The defendant did not include plaintiff's name, the title of the Copyrighted Image, its author, or information about the terms and conditions of use of the Copyrighted Image. This made it nearly impossible to locate.

33. Defendant's failure to include any copyright management information is a violation of 17 U.S.C. § 1202 – the DMCA. Plaintiff is entitled to up to $25,000 for each violation of the DMCA pursuant to Section 1203 of the DMCA.

**FIRST CLAIM FOR RELIEF**
**COPYRIGHT INFRINGEMENT**

34. Plaintiff incorporates the allegations contained in the preceding paragraphs as if set forth here at length here.

35. It cannot be disputed that the plaintiff has a valid, registered copyright, and owns all rights to the Copyrighted Image.

36. Defendant without license or authority from plaintiff, reproduced, publicly displayed, and/or distributed plaintiff's Copyrighted Image.

37. Defendant copied and publicly displayed the Copyrighted Image solely for the purpose of commercial gain.

38. Defendant refused to cease and desist after two demands from plaintiff's counsel.

39. It has been over three-months since the notice was served on defendant by plaintiff's counsel, yet defendant has continued to ignore its legal obligations.

40. Only an Order of this Court will force the defendant to comply.

41. Should plaintiff elect an award of statutory damages, only an award at the top of the statutory scale will serve as a deterrent to defendant.

42. At all times relevant to this First Amended Complaint, defendant's use of the Copyrighted Image was not used for criticism, comment, news reporting, teaching, scholarship, or research.

43. At all times relevant to this First Amended Complaint, defendant's use was not transformative.

44. Defendant elected to reproduce, distribute, and/or publicly display plaintiff's Copyrighted Image, using the entirety of the image, without a license.

45. As a direct and proximate result of defendant's infringement of plaintiff's exclusive rights to the Copyrighted Image as set forth in Section 106 of the Act, plaintiff has incurred damages, and requests an award of plaintiff's actual damages, and defendant's profits in excess of plaintiff's actual damages. Plaintiff may also elect to recover a statutory damage award. Defendant's acts were in reckless disregard of plaintiff's rights, and plaintiff is entitled to enhanced damages of up to $150,000 pursuant to 17 U.S.C. § 504(c)(2).

**SECOND CLAIM FOR RELIEF
VIOLATION OF DMCA OF 1998, AS AMENDED,
17 U.S.C. §§ 1201-05**.

46.     Plaintiff incorporates the allegations contained in the preceding paragraphs as if set forth at length here.

47.     Section 1202 provides in part: (b) [n]o person shall, without the authority of the copyright owner or the law - (1) intentionally remove or alter any copyright management information, [or] (3) distribute . . . works [or] copies of works . . . knowing that copyright management information has been removed or altered without authority of the copyright owner or the law, knowing, or having reasonable grounds to know, that it will induce, enable, facilitate, or conceal an infringement of any right under this title.  17 U.S.C. § 1202(b).

48.     The DMCA states: "[d]efinition.—As used in this section, the term 'copyright management information' means any of the following information conveyed in connection with copies or phonorecords of a work or performances or displays of a work, including in digital form, except that such term does not include any personally identifying information about a user of a work or of a copy, phonorecord, performance, or display of a work: (1) The title and other information identifying the work, including the information set forth on a notice of copyright. (2) The name of, and other identifying information about, the author of a work. (3) The name of, and other identifying information about, the copyright owner of the work, including the information set forth in a notice of copyright. (4) . . . the name of, and other identifying information about, a performer whose performance is fixed in a work other than an audiovisual work. (5) . . . the name of, and other identifying information about, a writer, performer, or director who is credited in the audiovisual work. (6) Terms and conditions for use of the work.  (7) Identifying numbers or symbols referring to such information or links to such information. (8) Such other information

as the Register of Copyrights may prescribe by regulation, except that the Register of Copyrights may not require the provision of any information concerning the user of a copyrighted work." 17 U.S.C. § 1202(C); S.Rep. No. 105-190 (1988), note 18.

49. Plaintiff always distributes its copyrighted images, including the Copyrighted Image here, with embedded copyright management information which includes the title of the image, author, label, and copyright owner.

50. Defendant removed plaintiff's copyright management information ("CMI"), and copied, publicly displayed, and/or distributed the Copyrighted Image without this CMI.

51. Defendant has continued, for months, after the first notice to display the Copyrighted Image with no CMI.

52. Defendant did the forgoing with the intent to conceal the infringement.

53. Plaintiff seeks award of statutory damages for each violation of Section 1202 of the DMCA in the sum of $25,000.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for judgment against defendant, and awarding plaintiff as follows:

1. restitution of defendant's unlawful proceeds in excess of plaintiff's compensatory damages;

2. compensatory damages in an amount to be ascertained at trial;

3. a statutory damage award, including all penalties authorized by the Copyright Act (17 U.S.C. §§ 504(c)(1), 504(c)(2));

4. an award of up to $25,000 in statutory damages for each violation by defendant of the DMCA, 17 U.S.C. § 1202;

5. the reasonable attorneys' fees and costs incurred by plaintiff in this action (17 U.S.C. § 505);

6. pre- and post-judgment interest to the extent allowable; and,

7. such other and further relief that the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated: September 30, 2019  **GARBARINI FITZGERALD P.C.**
New York, New York

By: /s/ Richard M. Garbarini
Richard M. Garbarini (RG 5496)